IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**CHRISTINE TURNER, SPECIAL ADMINSITRATOR**
**OF THE ESTATE OF LINDA WARNER, Deceased**                **PLAINTIFF**

V.                      **CASE NO. 4:18-cv-468-DPM**

**GARRY STEWART, MD**                                      **DEFENDANT**

### PLAINTIFF'S MOTION IN LIMINE

COMES NOW the Plaintiff, Christine Turner, and for her Motion in Limine, states, requests, and moves this Court for an Order in Limine as follows:

1. Plaintiff Christine Turner requests an Order instructing Defendant, Defendant's counsel, and any of Defendant's witnesses to refrain from making reference to, directly or indirectly, or eliciting any testimony regarding any of the following matters in the presence of the jury during the trial of this matter:

    a. The amount of Linda Warner's medical bills;

    b. Whether or not the Linda Warner received or will receive benefits of any kind from a collateral source;

    c. Any settlement discussions;

    d. Directly or indirectly stating or implying that the Defendant will be personally responsible for any judgment;

    e. The circumstances surrounding the Plaintiff's retention of an attorney;

    f. Attorney fees and costs;

    g. The practice areas, advertising, and reputation of any law firm involved in the case;

    h. Expert testimony of lay witnesses;

    i. Any reference that the Plaintiff acted improperly in filing a lawsuit against a doctor;

j. Any reference the Defendant would pay a "just claim" or "would pay a claim if he actually owed the money;"

k. Any reference that a verdict for the Plaintiff would have a damaging effect on medical services or the cost of medical services in Arkansas;

l. Any mention of the effect of this claim, suit, or any judgment based on this claim as insofar as it might affect the professional practice of the Defendant or his ability to deliver medical services;

m. Any reference that a judgment in this case would have an effect on the cost of health insurance in Arkansas;

n. Any reference to the probable testimony of any witness who is absent, unavailable, or not called to testify in this case;

o. Any reference to the failure to call any witness available equally to either side;

p. Referring to Linda Warner as an inmate, detainee, or any other term that means an incarcerated person;

q. Arguing or implying that Linda Warner was contributorily negligent or failed to take action to mitigate her damages;

r. The fact of any settlement and the amount of the settlement paid by the Faulkner County Defendants (all defendants dismissed pursuant to the settlement agreement);

s. Any reference to any fault on behalf of the Faulkner County Defendants;

t. Any reference to Plaintiff's complaint prior to the settlement with the Faulkner County Defendants;

u. Offering expert opinions regarding the percentages of fault of any of the parties or non-parties;

v. Offering any expert opinions outside of the Defendant's Rule 26 Expert Report; and

    w. The relationship or lack thereof of Linda Warner with any potential statutory beneficiary that is not present at the trial.

2. Plaintiff further requests that the Defendant's counsel and any and all witnesses called on behalf of the Defendant be instructed to refrain from any mention, directly or indirectly, of the filing of this Motion in Limine or to any ruling by the Court in response to this Motion.

3. Plaintiff states that the matters set out in this Motion in Limine would be inadmissible as evidence for any purpose on proper and timely objection.

4. Permitting interrogation of witnesses, comments to jurors or prospective jurors or offers of evidence concerning the matters set forth in this Motion in Limine would prejudice the jury and sustaining objections to such questions, statements, or evidence introduced by counsel or witnesses would not prevent prejudice.

5. Plaintiff further requests that the Court Order that if the Defendant's counsel wishes to propose a theory of admissibility concerning the matters set forth in this Motion in Limine that Defendant's counsel first must request a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause.

6. Plaintiff is filing a brief in support of this motion simultaneously and incorporates it by referenced herein as if set forth word for word.

WHEREFORE, the Plaintiff requests that this Court enter an order directing that the Defendant's counsel, Defendant, and any witnesses called on the Defendant's behalf be instructed to refrain from any mention or interrogation directly or indirectly in any manner whatsoever including the offering of documentary evidence concerning the matters set forth in this Motion in Limine and Brief in Support of the Motion without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case in regard to any alleged theory of admissibility of such matter.

Respectfully submitted,

By: \_\_\_\_//s// Jessica Virden Mallett
Jessica Virden Mallett, Bar #2011050
Attorney for Plaintiffs
Law Offices of Peter A. Miller
1601 S. Broadway Street
Little Rock, AR 72206
501/374-6300
fax: 501/374-1244
jvirden@petermillerlaw.com

### CERTIFICATE OF SERVICE

I certify that on February 26, 2021, a copy of the foregoing motion has been served on all counsel through the Court's electronic filing system.

\_\_\_\_**//s// Jessica Virden Mallett**
**Jessica Virden Mallett**