## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHRISTINE TURNER,**
**Special Administrator of**
**the Estate of Linda Warner,**
**Deceased**                                                    **PLAINTIFF**

v.                                    **No. 4:18-cv-468-DPM**

**GARRY STEWART, M.D.**                              **DEFENDANT**

### ORDER

**1.** Turner's motion *in limine, Doc. 49,* is partly granted, partly denied, and partly reserved. Here are the Court's rulings:

- **Warner's Medical Bills**

Denied. Warner's medical records and bills are relevant on the malpractice issues.

- **Collateral Benefits to Warner**

Granted without objection, unless Turner opens the door to evidence about collateral benefits.

- **Settlement Discussions**

Granted, as requested by both parties.

- **Stewart's Personal Responsibility for Judgment**

Denied. Evidence of insurance isn't admissible on liability at trial. FED. R. EVID. 411. And Stewart may be responsible depending upon any deductible, the amount of coverage, and the amount of any verdict.

- **Turner's Attorney-Client Relationship**

Granted, as requested by both parties.

- **Law Firm Information**

Granted without objection, unless Turner opens the door to her counsel's business practices.

- **Expert Testimony from Lay Witnesses**

Granted, as requested by both parties.

- **Improperly Filed Lawsuit**

Granted without objection.

- **"Pay A Claim" References**

Granted without objection, unless Turner invites this evidence.

- **Effect on Medical Services in Arkansas**

Granted without objection, unless Turner invites this evidence.

- **Effect on Stewart's Practice**

Granted without objection, unless Turner invites this evidence.

- **Effect on Health Insurance in Arkansas**

Granted without objection, unless Turner invites this evidence.

- **Testimony of Absent Witnesses**

Denied without prejudice.

- **Warner's Incarcerated Status**

Partly granted and partly denied.  Warner was a pretrial detainee. She may be referred to as one.  Stewart must not refer to her as a criminal or a convict.

- **Warner's Contributory Negligence**

Denied, with a warning.  The factual dispute about whether Warner bears any contributory negligence is a central issue in this case. That's fair game.  But counsel must approach before ventilating any benzodiazepine-related issue.

- **Faulkner County Defendants' Settlement**

Reserved.

- **Faulkner County Defendants' Fault**

Reserved.

- **Prior Iterations of Turner's Complaint**

Granted.

- **Percentages of Fault**

Reserved.

- **Expert Opinions Outside of Stewart's 26(f) Report**

Denied without prejudice and with directions.  Stewart's expert witness testimony must accord with the disclosures and supplemental disclosures for expert witnesses, but the testimony doesn't have to match the reports word-for-word.  Turner made the strategic decision not to depose these experts.  Any objection to specific testimony can be raised at trial.

- **Warner's Relationship with Statutory Beneficiaries**

Denied.  Evidence of Warner's relationship with her family is relevant to determining loss-of-life damages and the mental anguish of

-3-

the statutory beneficiaries.  *McMullin v. United States*, 515 F. Supp. 2d 914, 919–28 (E.D. Ark. 2007);  *New Prospect Drilling Co. v. First Commercial Trust, N.A.*, 332 Ark. 466, 481, 966 S.W.2d 233, 241 (1998).

**2.** Stewart's motions *in limine, Doc. 51, 53, 55, & 57*, are partly granted, partly denied, and partly reserved.  Here are the Court's rulings:

- **Liability Insurance**

Granted without objection.

- **Prior Lawsuits**

Granted.  The parties are trying this case, not others.  Prior lawsuits aren't habit evidence.  FED. R. EVID. 406.

- **Requiring Stewart to Be a Witness**

Granted without objection, unless Stewart opens the door to this line of inquiry.

- **Lawsuits Against Experts**

Granted without objection.

- **Positions on Tort Reform**

Granted without objection.

- **"Common Sense" Medical Issues**

Granted without objection.

- **Testimony from Friends, Family, and Medical Providers**

Denied without prejudice.  The Court will follow the Rules of Evidence, including those about hearsay.

- **Videotaped Deposition Excerpts**

Granted.  No deposition clips will be played during *voir dire*, opening, or closing.

- **"Patient Safety Rules"**

Denied without prejudice.  The Court will address objections to argument or questions when and if they arise.

- **Discovery Objections**

Granted.   Turner may not reference Stewart's objections to discovery requests.

- **Deposition Testimony Objections and Impeachment**

Granted.  The parties should work to resolve these issues prior to trial, and Turner agrees to seek leave from the Court before playing any deposition excerpts that haven't been agreed upon.

- **Analogizing the Medical Standard of Care**

Granted without objection.

- **Golden Rule**

Granted.   Turner may not make any improper "golden rule" arguments.  *Lovett ex rel. Lovett v. Union Pacific Railroad Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000).

- **Proposed Mediation or Settlement Offers**

Granted, as requested by both parties.

- **Mention of Motions *In Limine***

Granted without objection.

- **Dr. Stewart's Role at Faulkner County Detention Center**

Reserved.

- **Alleged Violations of Law, Regulation, or Policy**

Reserved.

- **Faulkner County Detention Center Employees' Negligence**

Reserved.

- **Stewart's Liability for Employees' Actions**

Reserved.

- **Erickson's Testimony Beyond the Autopsy Report**

Granted with directions.  Because Erickson was not disclosed as an expert witness, he may not testify about the standard of care, causation, or alleged damages.  FED. R. CIV. P. 26(a)(1)(A) & (2)(A).  His testimony is limited to pathology-related issues and the autopsy he performed, though he can respond beyond the four corners of his report when testifying about those issues.

- **Punitive Damages**

Denied without prejudice.   The Court will evaluate at trial whether Turner has made a submissible case on punitives.

\* \* \*

So Ordered.

_DP Marshall Jr._

D.P. Marshall Jr.
United States District Judge

5 April 2021