IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

CHRISTINE TURNER, SPECIAL ADMINSITRATOR
OF THE ESTATE OF LINDA WARNER, Deceased                      PLAINTIFF

V.                              CASE NO. 4:18-cv-468-DPM

GARRY STEWART, MD                                            DEFENDANT

## PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

COMES NOW Plaintiff, Christine Turner as Special Administrator of the Estate of Linda Warner, by and through her attorneys, Jessica Virden Mallett and The Law Offices of Peter Miller, pursuant to the Local 26.2 and Fed. R. Civ. Pro. Rule 26(a)(3), states as follows:

1. <u>The identity of the party submitting information:</u> Plaintiff Christine Turner as Special Administrator of the Estate of Linda Warner, deceased.

2. <u>The names, addresses, and telephone numbers of all counsel for the party:</u> Jessica Virden Mallett and Edward Zellmer, The Law Offices of Peter Miller, 1601 Broadway, Little Rock, Arkansas 72206. Telephone: 501-374-6300.

3. <u>A brief summary of claims and relief sought:</u>   The only claim remaining in this case is Plaintiff's medical malpractice claim against Defendant Garry Stewart, MD, as outlined in the Order of this Court entered on September 8, 2021. Plaintiff is seeking damages for the death of Linda Warner, including damages for her loss of life; infliction of bodily injury to Linda Warner because of medical negligence; Linda Warner's pain, suffering, and mental anguish before her death; and past and future mental anguish suffered by Christine Turner and Brandy Williams resulting from the death of their mother, Linda Warner. The amount claimed is to be determined by a jury sufficient to compensate Linda Warner's estate and beneficiaries for all the damages they sustained.

4. <u>Prospects for settlement:</u> The Plaintiff has sent a demand for settlement for policy limits but has received no response from the Defendant.

5. <u>The basis for jurisdiction and objections to jurisdiction.</u> This Court has jurisdiction under 28 U.S.C. §1367 as the case was originally brought pursuant to 28 U.S.C. § 1331; 28 U.S.C. §1343; and 42 U.S.C. § 1983; and the Arkansas Constitution. Even though the federal questions and claims have been resolved, this Court retains jurisdiction. There are no objections to jurisdiction.

6. <u>A list of pending motions:</u> None.

7. <u>A concise summary of the facts:</u> Defendant and Plaintiff have filed detailed statements of fact along with Defendant's Motion for Partial Summary Judgment and Plaintiff's Response to that motion. Those statements of fact are incorporated herein as if stated word for word.

8. <u>All proposed stipulations:</u>

Parties agree to stipulate to the authenticity and foundation of the medical records of Linda Warner. The parties also stipulate to the authenticity and foundation of the surveillance videos.

9. The <u>issues of fact expected to be contested:</u>

   a. Whether the medical care Dr. Garry Stewart provided to Linda Warner met the standard of medical care.

   b. Whether and to what extent Linda Warner sustained injury, pain, suffering, or mental anguish due to Dr. Stewart's actions or inactions.

   c. Whether and to what extent the failure of the Defendant to provide the appropriate standard of medical care resulted in injury, pain, suffering, mental anguish, and/or death to Linda Warner.

        d.   Whether and to what extent Christine Turner and Brandy Williams suffered mental anguish and will suffer mental anguish in the future.

        e.   The amount that will compensate the estate of Linda Warner, Christine Turner, and Brandy Williams for the damages they sustained.

        f.   Whether Dr. Garry Stewart knew or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally and probably result in injury and whether he continued such conduct in reckless disregard of the consequences from which malice may be inferred.

        g.   The amount of punitive damages, if any.

10.   <u>The issues of law expected to be contested.</u>   None.

11.   <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.</u>

<u>Plaintiff expects to offer at trial:</u>

        (a)   Faulkner County Detention Center surveillance video footage;

        (b)   Medical records of Linda Warner from Faulkner County Detention Center;

        (c)   Medical Examiner's report prepared by Dr. Stephen Erickson regarding the autopsy of Linda Warner;

        (d)   Medical records of Linda Warner from Baptist Health Medical Center;

        (e)   Curriculum vitae report of Dr. Thomas Fowlkes;

        (f)   Jail grievance forms from Linda Warner;

        (g)   Medical records of Linda Warner from Greenbrier Medical Center and Dr.

James Fulmer;

 (h) Text message exchange between Monte Munyan and Chris Riedmueller;

 (i) Wine bottle to demonstrate 750ml (demonstrative)

 (j) Timeline of events;

<u>Plaintiff may offer at trial:</u>

 (a) Enlargement of Jury Instructions;

 (b) Depositions of Defendants;

 (c) Defendants' responses to interrogatories and requests for production of documents;

 (d) Investigation file, including written statements and notes by detention center staff and guards, produced in this action by Defendant Faulkner County; and

 (e) Any other documents produced by any party or identified by any party in their disclosures or other pleadings in this matter.

12. <u>The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.</u>

Plaintiff expects to call: Dr. Thomas Fowlkes, Christine Turner, Brandy Williams, Dr. Garry Stewart, Leanne Dixon, Monte Munyan via video deposition, Dr. Stephen Erickson, Christopher Riedmueller, Tyroneisha Collins, Major John Randall, and Andrea Varhalla – all contact information previously provided to Defendant.

Plaintiff may call: Major John Randall, Christopher Limsbey-Hall, and any other person previously disclosed during the discovery process – all contact information previously provided to

Defendant.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.</u> Discovery is complete.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action.</u> Five days.

                Respectfully submitted,

By: Jessica Virden Mallett, Bar #2011050
Attorney for Plaintiffs
Law Offices of Peter A. Miller
1601 S. Broadway Street
Little Rock, AR 72206
501/374-6300
fax: 501/374-1244
jvirden@petermillerlaw.com

## CERTIFICATE OF SERVICE

I certify that on September 15, 2021, a copy of the foregoing has been served on all counsel through the Court's electronic filing system.

                **Jessica Virden Mallett**