# FINAL INSTRUCTIONS — MEDICAL NEGLIGENCE

**1.**

Follow all the Court's instructions. Written and spoken instructions are equally important. And it doesn't make any difference when I gave an instruction. Follow them all. If there is some conflict among the instructions, follow these final ones.

**2.**

Your job is to decide what happened. Don't take anything I said or did as a suggestion about what your decision should be. You're the judges of the facts, not me.

**3.**

Don't decide the case based on sympathy, prejudice, or emotion. Decide based on the evidence and the law. Decide this case as a dispute between persons of equal worth. All persons are equal under the law.

**4.**

The evidence is the witnesses' testimony, the exhibits, any facts agreed by the parties, and any facts I've told you that you must accept as true. Anything the lawyers said (such as questions, statements, arguments, and objections) is not evidence. If I told

you to disregard something, ignore it.  If you saw or heard something about this case outside the courtroom, ignore that, too.  If I told you some evidence must be used only for a limited purpose, do so.

**5.**

Be careful in evaluating each witness's credibility.  Use your life experience and your common sense in deciding what testimony you believe.

**6.**

The Warner Estate has the burden of proof in this case.  The Estate must prove the facts asserted by a preponderance of the evidence.  That means it must prove that something is more likely true than not true.  If the evidence is equally balanced, then the Estate has not carried its burden.  The Estate need not prove anything beyond a reasonable doubt.  That's the standard for a criminal case, not a civil case like this one.

**7.**

Turner, as special administrator of the Warner Estate, claims damages from Dr. Stewart and has the burden of proving each of three essential propositions:

First, that she has sustained damages;

Second, that Dr. Stewart was negligent;

And third, that Dr. Stewart's negligence was a proximate cause of Turner's damages.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for Turner. But if you find from the evidence that any of these propositions has not been proved, then your verdict should be for Dr. Stewart.

**8.**

You have heard testimony from three expert witnesses: Dr. Thomas Fowlkes, Dr. Nathan D. Nielson, and Dr. Douglas E. Carlson. Each testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of these witnesses' education and experience.

You should judge each expert's opinion testimony just as you would any other testimony. You may accept it or reject it. You

may also accept some but not all of each expert witness's testimony.  Give each expert's testimony the weight as you think it deserves, considering each witness's education and experience, the reasons given for his opinion, and all other evidence in this case.

## 9.

In treating a patient, a doctor must possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of his profession in good standing, engaged in the same type of service in the locality in which he practices, or in a similar locality.  A failure to meet this standard is negligence.

In determining the degree of skill and learning the law required, and in deciding whether Dr. Stewart applied the degree of skill and learning the law required, you may consider only the expert testimony provided by Dr. Thomas Fowlkes, Dr. Nathan D. Nielson, and Dr. Douglas E. Carlson.

In deciding whether any negligence of Dr. Stewart was a proximate cause of injuries to Warner that would not otherwise have occurred, you may consider only the expert testimony provided by Dr. Thomas Fowlkes, Dr. Nathan D. Nielson, and Dr. Douglas E. Carlson.

In considering the evidence on any other issue in this case, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in light of your own observations and experiences in the affairs of life.

## 10.

The law frequently uses the expression "proximate cause," with which you are probably not familiar.  When I use the expression "proximate cause," I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

This does not mean that the law recognizes only one proximate cause of damage.  To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.

## 11.

The fact that Warner may have been injured, or the fact that she died, is not, of itself, evidence of negligence on the part of Dr. Stewart.

**12.**

If you find that Dr. Stewart was negligent, then you may award compensatory damages to the Warner Estate against Dr. Stewart for his treatment of Warner.

**13.**

Christine Turner, as personal representative of the estate of Linda Warner, deceased, represents her mother's estate.

Turner is suing for the mental anguish suffered, and reasonably probable to be suffered in the future, by herself and her sister, Brandy Williams. "Mental anguish" means the mental suffering resulting from emotions, such as grief and despair, associated with the loss of a loved one.

Turner is also suing for the following elements of damage on behalf of the Warner Estate:

(a) Warner's loss of life; and

(b) Warner's conscious pain and suffering before her death.

"Loss of life damages" are damages that seek to compensate a decedent for the loss of the value that she would have placed on her own life.

Whether any of the damages sued for have been proved by a preponderance of the evidence is for you to determine. If they have, then you must fix the amount of money that will reasonably compensate Christine Turner, Brandy Williams, and the Warner Estate for those elements of damage sustained.

**14.**

Here are some general rules for your deliberations.

*First*, choose a foreperson. She or he will preside over your deliberations, sign your verdict, and speak for you here in Court.

*Second*, talk through the case in detail. Consider all the evidence. Discuss it fully with your fellow jurors. And listen attentively to others' views.

*Third*, make your own conscientious decision. Don't be afraid to change your mind if you're persuaded by the discussion. But don't make a decision simply because others think it is right. And don't agree just to get it done.

*Fourth*, try hard to reach agreement. Your verdict must be unanimous.

*Fifth*, if you need to communicate with me during your deliberations, send me a note through the court security officer.

One or more jurors must sign the note. But, do not tell me—or anyone—how your votes stand numerically.

*Sixth*, from this point forward, other than a note to the Court, do not communicate with any person other than your fellow jurors about the merits of the case.

## OATH

Court security officer, do you solemnly swear or affirm to keep this jury together in the jury room, not to permit any person to speak to or communicate with them about this case, nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and return them into the courtroom when they have so agreed, or when otherwise ordered by the Court?

# COURT'S FINAL VERDICT FORM

# VERDICT FORM

1. On the Warner Estate's negligence claim against Dr. Garry Stewart, we find for:

   _____ The Warner Estate

   _____ Dr. Stewart

**If you found for the Warner Estate in Question 1, then answer Questions 2–4 below.  If you found for Dr. Stewart in Question 1, then your deliberations are done.  Your foreperson should date and sign the verdict and inform the Court that you have a verdict.**

2. We find Christine Turner's mental anguish damages to be:

   $_____

3. We find Brandy Williams's mental anguish damages to be:
   $_____

4. We find Linda Warner's and the Warner Estate's damages to be:

   - Loss of life  …………………………….  $_____
   - Conscious pain and suffering  ………  $_____

   Total  $_____

_____      _____
                Foreperson                                                      Date/time

Court's Final Verdict Form                                          4:18-cv-468-DPM
8 October 2021                                                      *Turner v. Stewart*