IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTINE TURNER,
Special Administrator of
the Estate of Linda Warner,
Deceased                                                                    PLAINTIFF

v.                              No. 4:18-cv-468-DPM

GARRY STEWART, M.D.                                                         DEFENDANT

ORDER

1. Linda Warner's Estate settled all its claims arising out of the circumstances surrounding Warner's death, except for the medical negligence claim against Dr. Garry Stewart, for $500,000. The Court retained jurisdiction over and tried the negligence claim. At trial, the jury returned a verdict in favor of the Estate for $1,300,000. The Court entered its Judgment on the verdict. Dr. Stewart requests a post-judgment credit against the verdict for the settlement amount, citing Arkansas's Uniform Contribution Among Tortfeasors Act. The Estate responds the Act doesn't apply, or, if it does, the Court should deny the credit because Dr. Stewart waived this affirmative defense.

2. Dr. Stewart's amended answer invoked the Act in its entirety. While that pleading could have been more specific, the intention to seek the shelter of the Act is clear. And any doubt that remained was removed by the parties' thorough briefing on the

motions *in limine*. The Estate unequivocally requested that the jury not be told about the settlement. Dr. Stewart, just as unequivocally, stated how the Act should be enforced if the Court withheld the settlement from the jury's consideration. Judge Eisele covered the settled Arkansas law about the options in *Lowery v. Atkinson*, 2006 WL 8445009, at *3–4 (E.D. Ark. 9 Nov. 2006). In the circumstances, even if more was required in Dr. Stewart's pleading, there's nothing unfair about the Court deciding the merits of the settlement-credit dispute at this point. The Estate had notice. *First Union National Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622–23 (8th Cir. 2007).

3. The Act applies. Turner's release of the Faulkner County defendants anticipated this and complied with the Act. A joint tortfeasor "means two (2) or more persons or entities who may have joint or several liability in tort for the same injury to a person or property, whether or not judgment has been recovered against all or some of them[.]" ARK. CODE ANN. § 16-61-201(1).

The Estate asserted tort liability of the Faulkner County defendants and Dr. Stewart: the former allegedly committed many constitutional torts (most prominently, deliberate indifference to Warner's medical conditions); while Dr. Stewart allegedly committed medical malpractice. The injuries, however, were the same: Warner's suffering and eventual death, with the attendant mental anguish of her daughters. The Court did limit the proof at trial about the Faulkner

County defendants' actions to avoid unfair prejudice to Dr. Stewart. But the Faulkner County defendants' failings were obvious, especially in the video excerpts admitted in evidence. If the case had been tried against everyone, the Court would have submitted the same elements of damage.

The Act's applicability hinges on what was released (tort claims) and who was released (fellow tortfeasors). Based on the release, Dr. Stewart could have pressed for a jury determination of each joint tortfeasor's *pro rata* responsibility. ARK. CODE ANN. § 16-61-204(c). But he did not do so. That was a tactical choice, because the Act provides a credit for the settlement amount, or the *pro rata* share of each released joint tortfeasor's responsibility, whichever is greater. ARK. CODE ANN. § 16-61-204(c). The case was tried — partially by agreement and partially by the Court's rulings *in limine* — as if there was no claim made against, or settlement with, the Faulkner County defendants. That set up the credit for the settlement amount. *Arkansas Craft Corp. v. Johnson*, 257 Ark. 629, 631-35, 519 S.W.2d 74, 76-78 (1975). The Court instructed the jury that the Estate could recover all available damages — the daughters' mental anguish, Warner's loss of life, and Warner's pain and suffering before her death. *Doc. 114 at 7-8*. The jury followed the Court's instructions with care. Dr. Stewart is therefore entitled to credit against the $1,300,000 in total damages awarded for the $500,000 that the Faulkner County defendants paid the Estate to be released from

their potential liability for the damages sustained by Warner and her family.

4. The Estate also emphasizes that, in the circumstances, one of the purposes of § 1983 will be frustrated by the Court's awarding a credit against the verdict. The Court disagrees. The non-binding authority the Estate relies on for this argument is not persuasive in this dispute. In *Glover v. Johnson*, the plaintiff's § 1983 claims were the only claims left for trial. 2016 WL 5854282 at 2–3 (W.D. Okla. 23 Dec. 2015). Here, the Estate's § 1983 claims were settled. There is little risk of undermining § 1983's deterrence goal when the public officers have already settled the claims against them. And, unlike in *Glover*, this Court has concluded that the settled claims and the tried claim sought compensation for the same injury.

\* \* \*

Motion, *Doc. 123*, granted. An Amended Judgment will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 February 2022